PLANTERS BANK & TRUST COMPANY and MAP Farms, Inc. *v.* Thomas C. SMITH, Jr., and Margerie Smith, a/k/a Margie Smith

CA 95-1156                                    914 S.W.2d 765

Supreme Court of Arkansas
Opinion delivered February 7, 1996

. 54

*Frank Morledge*, for appellants.

*James Baxter Sharp III*, for appellees.

PER CURIAM. Appellants have filed a motion for certification to the Arkansas Supreme Court. They contend that the reporter's notes to Rule 15(b) of Arkansas Rules of Civil Procedure contain an error. Appellants also allege that the chancellor below erred in allowing an amendment to conform the pleadings to the proof during trial after an objection to the proof was made.

Arkansas Rule of Civil Procedure 15(b) states in part:

(b) *Amendments to conform to the evidence.* When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them

to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended in its discretion.

The reporter's notes to Rule 15(b) include the following:

2. Section (b) is identical to FRCP 15(b). It follows prior Arkansas law by permitting amendments to conform to the proof adduced at the trial. This rule goes somewhat further, however, by more or less making it mandatory that pleadings be amended to conform to the proof *where there has been objection to such proof. Metropolitan Life Ins. Co.* v. *Fugate*, 313 F.2d 788 (C.C.A. 5th, 1963): *Bradford Audio Corp.* v. *Pious*, 329 F.2d 67 (C.C.A. 2d, 1968). (Emphasis added.)

Appellants contend that the word "no" should precede the word "objection" in the phrase "where there has been objection to such proof." Rule 15(b) does seem to require amendment of the pleadings where no objection is made by the other party, but it clearly grants the court discretion in allowing amendments to the pleadings when an objection is made to the evidence as not being within the pleadings. The reporter's notes, as they now read, seem to mandate such amendments under the circumstance when the Rule gives the court discretion in allowing the amendment. The alleged error would seem to be further substantiated by the citation of two federal cases at the end of the note indicating that objections to the proof were made, but no objections to the proof were made in those cases on these grounds. The notes also say Rule 15(b) of Arkansas Rule of Civil Procedure is identical to FRCP 15(b), but it is not.

■ The Arkansas Rules of Civil Procedure were adopted by the supreme court pursuant to Act 38 of 1973 and pursuant to the Court's constitutional and inherent power to regulate procedure in the courts. *In re: Rules of Civil Procedure*, 264 Ark. 964 (1978). The power to adopt the rules is well-established and grounded in constitutional and statutory authority as well as the Court's inherent authority. *Weidrick* v. *Arnold*, 310 Ark. 138,

835 S.W.2d 843 (1992).

■ Since adopting the rules, the Court has often amended the reporter's notes by per curiam opinions. *See, e.g., In re: Recommendations of the Ark. Sup. Ct. Comm. on Civ. Practice*, 315 Ark. 744 (1993); *In re: Changes to the Ark. Rules of Civ. P.*, 307 Ark. 583 (1991); *In re: Amendments to the Rules of Civ. P.*, 283 Ark. 541, 671 S.W.2d XCII (1984); *In re: Amendments to the Rules of Civ. P.*, 279 Ark. 470, 651 S.W.2d 63 (1983).

■ Appellants have not shown that they suffered prejudice as a result of the alleged error in the notes. Appellants contend in their motion only that trial courts around the state rely upon the notes to Rule 15(b) and that the trial court below erroneously allowed an amendment to conform the pleadings to the proof after timely objection was made. They have not asserted in their motion or their memorandum of authorities that the chancellor relied upon the reporter's notes in making his ruling. This case does not involve the interpretation or construction of Rule 15(b); therefore, there is no need for certification under Ark. Sup. Ct. R. 1-2(3).

■ We do, however, agree with appellants that correction of the notes lies within the jurisdiction of the Arkansas Supreme Court pursuant to Ark. Sup. Ct. R. 1-2(d), and we suggest the court consider an amendment of the notes by per curiam opinion.

Motion denied.

PITTMAN, J., not participating.

COOPER and GRIFFEN, J.J., would grant motion to certify.